IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| ROBERT ANTHONY EBERHART, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:13CV851 |
| | ) | 1:04CR392-1 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

ORDER AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE

Petitioner, a federal prisoner, has submitted a Motion [Doc. #55][1] to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, and an Amended Motion [Doc. #60]. Respondent has responded with a Motion to Dismiss [Doc. #67]. Petitioner filed a reply brief [Doc. #69], a Motion to Expand the Record [Doc. #70], and a Motion for Evidentiary Hearing [Doc. #72]. For the reasons set out below, the Court recommends that Petitioner's Motion to Vacate Sentence, as amended, be denied, the Government's Motion to Dismiss be granted, and this action be dismissed.

On September 27, 2004, a grand jury returned a sixteen-count indictment against Petitioner, charging him with four counts of possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Counts Three, Seven, Ten, and Thirteen). Petitioner was also charged with distribution of cocaine base (Count One, Five, Six, Nine, Twelve, and Fifteen), distribution of marijuana (Count Two), and possession of a firearm

---

[1] Citations to the record will be to the criminal case unless otherwise indicated.

by a felon (Counts Four, Eight, Eleven, Fourteen, and Sixteen). Petitioner pleaded guilty to two of the § 924(c) charges (Counts Three and Seven), as well as to Counts One, Two, Five, Six, Nine, Twelve, and Fifteen. (Plea Agreement [Doc. #9].) The remaining counts were dismissed. The court sentenced Petitioner to a total of 468 months imprisonment, which included 60 months on Count Three running consecutively to the other counts, and 300 months on Count Seven running consecutively to all other counts. (Am. Judgment [Doc. #24].)

Petitioner's plea agreement acknowledged that as to Count Three he would be sentenced "to a term of imprisonment of not less than five years, that such term of imprisonment cannot run concurrently with any other term of imprisonment, and that he cannot be placed on probation or receive a suspended sentence." (Plea Agreement [Doc. #12] ¶ 2(c).) The plea agreement further acknowledged that as to Count Seven, he "shall be sentenced to a term of imprisonment of not less than twenty-five years, that such term of imprisonment cannot run concurrently with any other term of imprisonment, and that he cannot be placed on probation or receive a suspended sentence." (Id. ¶ 2(g).)

The transcript of Petitioner's change of plea hearing [Doc. #28], shows that Petitioner entered his guilty pleas upon the advice of counsel. Petitioner acknowledged during the hearing that he understood the charges against him. He said that he was fully satisfied with the services of his attorney. During the plea hearing, the Court questioned the Assistant United States Attorney regarding the penalties set out in the plea agreement for Count Seven. The Assistant United States Attorney explained that Count Three would be the first § 924(c) conviction, and Count Seven would be the second conviction with the accompanying enhanced penalties.

2

Petitioner's counsel stated that he had discussed this with Petitioner. (Id. at 6-7.) The Court advised Petitioner of the following:

> As to Counts Three and Seven–as to Count Three in particular, to the extent you're entering a plea of guilty to that count, . . . you could be imprisoned for a possible maximum term of not less than 5 years, no more than $250,000 fine, not more than 5 years supervised release, and that this sentence as to Count Three will not run concurrently with any other sentence you will receive but rather at the expiration of that sentence. You also would be subject to a special assessment of $100 and any restitution or forfeiture the Court may order.
> To the extent that you're now pleading guilty to Count Three, as the Government has indicated and your counsel has explained to you and you now understand, but with respect to Count Seven, because you pled guilty to Count Three, Count Seven represents a subsequent offense charged under 924(c)(1)(A). That means you would be subject to greater penalties with respect to Count Seven. That would include imprisonment of not less than 25 years, no more than $250,000 fine, not more than 5 years supervised release. This sentence shall not run concurrently with any other sentence but at the expiration of any other sentence you will receive. Special assessment of $100 and any restitution or forfeiture the Court may order.
> Do you specifically understand the nature of the penalties that you will face with respect to Count Seven? Do you understand that?
> THE DEFENDANT: Yes, sir.
> THE COURT: Do you have any questions about that particular sentence?
> THE DEFENDANT: No.

(Id. at 13-14.) After having been advised of all of the consequences of his pleas, Petitioner stated that he still wished to plead guilty. (Id. at 16.) Petitioner also acknowledged that he was waiving his right to appeal his sentence as a result of his plea agreement. (Id. at 17-18.)

Petitioner's sentencing hearing proceeded without any issues. In addressing the Court with respect to an appropriate sentence, Petitioner's counsel began by pointing out "that there

3

are 30 years right off of the top that the Court has no control over." (Tr. of Sentencing Hearing [Doc. #29] at 7.) Petitioner addressed the Court afterward, but expressed no surprise at counsel's observations about the severity of the sentence he was facing. (Id. at 8-9.) The Court then imposed the sentence set out above.

Petitioner filed a notice of appeal, but voluntarily dismissed his appeal on June 27, 2005. (Order [Doc. #32].) The Court granted Petitioner's subsequent Motion to reduce his sentence pursuant to retroactive amendments to the Sentencing Guidelines, and his total sentence was reduced to 420 months. (Order [Doc. #53].) The sentences for Counts Three and Seven (60 and 300 months, respectively) remained the same.

Turning now to Petitioner's present § 2255 Motion, Petitioner's overarching claim is that he was wrongly sentenced to the 300 months on Count Seven. In Ground One of his Motion, Petitioner argues that "the court lacked jurisdiction to impose the sentence due to the fact the indictment failed to state the offense." (Motion [Doc. #55], at 4.) Petitioner claims that the mandatory minimum penalty must be charged in the indictment. In Ground Two, Petitioner argues that his "sentence is subject to collateral attack due to the fact the plea agreement was imposed in violation of his Fifth Amendment right to due process." (Id. at 5.) He argues that Count Seven was constructively amended in the plea agreement. With respect to the applicable statute of limitation, Petitioner claims that his motion is "timely filed pursuant to the Supreme Court recent decision in Alleyne v. United States under § 2255(f)(3)." (Id. at 12.) Petitioner makes clear in his memorandum that he is attacking Count Seven of his indictment: "The indictment lacked [the statutory mandatory minimum penalty] when imposing the sentence for

4

count seven which now questions the legality of that sentence." (Mem. [Doc. #56], at 2.) He also clarifies that he is relying upon Alleyne v. United States, 133 S. Ct. 2151 (2013): "The Supreme Court's recent decision [in] Alleyne now raises the question, did the court have jurisdiction to impose the sentence in light of the fact the indictment failed to state the offense that would have been required." (Mem. at 3.) Petitioner further argues in his Memorandum that his one-year statute of limitation should run from the date that Alleyne was decided. (Id. at 13-14.)

In his Amendment to his Motion [Doc. #60], Petitioner raises more claims based upon his theory that the indictment was deficient as to Count Seven. He alleges (1) that the Assistant United States Attorney engaged in prosecutorial misconduct during the plea hearing when he explained why the enhanced penalties applied to Count Seven; (2) that his attorney was ineffective by misinforming Petitioner of the elements of the offense; (3) that his plea was not knowingly and voluntarily entered due to the misinformation; and (4) that he is actually innocent which overcomes the statute of limitation and procedural default of his claims.

The Government argues that the Fourth Circuit in United States v. Cristobal, 293 F.3d 134, 146-48 & n.20 (4th Cir. 2002), rejected the contention that a second conviction for violation of 18 U.S.C. § 924(c) must be alleged in the indictment and proved to a jury. The Government also argues that Petitioner has waived his right to file a post-conviction motion and that his filing is barred by the one-year statute of limitation of 28 U.S.C. § 2255 because Alleyne has not been found to apply retroactively on collateral review. (Motion to Dismiss [Doc. #67].)

In considering these contentions, the Court notes that Petitioner's conviction became

5

final when he voluntarily dismissed his appeal before the Fourth Circuit in June 2005. See Clay v. United States, 537 U.S. 522, 527 (2003) (for post-conviction relief purposes, finality attaches when the time for seeking review expires). Section 2255(f)(1) requires that motions to vacate sentence be filed within one year of the conviction becoming final, subject to certain exceptions. Under subsection (f)(1), Petitioner's filing deadline was in June 2006. Petitioner's first attempt to file a § 2255 motion was not until May 2012 [Doc. #44]. The Motion presently under consideration was filed in September 2013 [Doc. #55]. Therefore, his Motion and any later attempts to amend his Motion are barred by the one-year limitation period of section 2255(f), unless one of the statutory exceptions applies.

Petitioner argues that his Motion is timely pursuant to section 2255(f)(3). Subsection (f)(3) allows the one-year limitation period to run from the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. However, the decision upon which Petitioner relies to support his argument that his Motion is timely, Alleyne, has not been made retroactively applicable to cases on collateral review. See United States v. Stewart, 540 F. App'x 171 (4th Cir. 2013) (noting that Alleyne has not been made retroactively applicable to cases on collateral review); United States v. Olvera, 775 F.3d 726, 730 (5th Cir. 2015) ("We reiterate that *Alleyne* does not apply retroactively. This decision accords with that of every circuit to have examined the issue, none of which has decided that *Alleyne* is retroactive."). Because Alleyne is not retroactive on collateral review, section 2255(f)(3) does

6

Case 1:04-cr-00392-JAB   Document 74   Filed 09/21/15   Page 6 of 8

not provide a later date for the running of the one-year statute of limitation period. Petitioner's Motion is time-barred.

Petitioner argues in his Response brief that equitable tolling applies as a basis to find that his filings are timely. (Response Br. [Doc. #69], at 14.) Equitable tolling requires Petitioner to show that he has been pursuing his rights diligently and that some extraordinary circumstance prevented timely filing. Holland v. Florida, 560 U.S. 631, 649 (2010). Any argument that equitable tolling applies because he had no way to assert that his sentence was illegal until Alleyne was decided has no merit because the Fourth Circuit has made clear that such an argument is "manifestly insubstantial" to invoke equitable tolling. Whiteside v. United States, 775 F.3d 180, 186 (4th Cir. 2014) (en banc). Therefore, equitable tolling does not apply.

Petitioner's argument that he is actually innocent misses the mark as well. He does not contend that he did not possess the firearm in furtherance of a drug trafficking crime. His argument is that his penalty should be reduced. In Surratt, the Fourth Circuit made clear that such arguments lack merit. See Surratt, 2015 WL 4591677, at *6 ("The Supreme Court . . . has not said that conduct is rendered 'lawful' merely because the penalty for it is reduced.").[2]

Petitioner has also filed a Motion to Expand the Record [Doc. #70]. He asks that his plea hearing transcript and a previously-filed affidavit be made part of the record. His plea

---

[2] Moreover, even if the claims were timely, Petitioner would not be entitled to relief in any event. As noted by the Government, Alleyne does not require that a predicate conviction triggering enhanced penalties be alleged in the indictment or proved to the jury. See United States v. McDowell, 745 F.3d 115, 123 (4th Cir. 2014); Almendarez-Torres v. United States, 523 U.S. 224 (1998); see also Surratt, 2015 WL 4591677 at *6 ("We also do not believe that Alleyne altered the longstanding rule treating predicate convictions as enhancements, not elements.") In addition, contrary to Petitioner's contentions, the enhanced penalties in 18 U.S.C. § 924(c)(1)(C) are mandatory, not discretionary, if the predicate conviction exists. Finally, as noted by the Government, Petitioner's claims are also barred by an appeal and collateral review waiver included in his plea agreement.

7

hearing transcript is already part of the record, and to the extent that his affidavit was previously filed as he claims, it too is part of the record. Therefore, this Motion will be denied as moot.

Finally, Petitioner has moved for an evidentiary hearing [Doc. #72]. Given the recommended disposition based upon the applicable statute of limitations, an evidentiary hearing is not required. This Motion will be denied.

IT IS THEREFORE ORDERED that Petitioner's Motion to Expand the Record [Doc. #70] is DENIED as moot, and that his Motion for Evidentiary Hearing [Doc. #72] is DENIED.

IT IS RECOMMENDED that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, as amended, [Doc. #55] be dismissed, that Respondent's Motion to Dismiss [Doc. #67] be granted, and that this action be dismissed.

This, the 21st day of September, 2015.

                                               /s/ Joi Elizabeth Peake
                                               United States Magistrate Judge